IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

FRANCIS T. DEUTSCH,

    Petitioner,

vs.

UNITED STATES OF AMERICA,

    Respondent.

Case No. 12-cv-1293-JPG

**MEMORANDUM AND ORDER**

This matter comes before the Court on Petitioner Francis T. Deutsch's ("Deutsch") motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 (Doc. 1).

1. **Facts**

On June 9, 2011, Deutsch entered a plea of guilty to one count of wire fraud in violation of 18 U.S.C. § 1343.  *See United States v. Deutsch*, Case No. 10-cr-40048 (Doc. 44).  The written plea agreement included a waiver of Deutsch's rights to appeal and to collaterally attack his sentence (Doc. 45, pp. 10-11 in criminal case).

On January 20, 2012, the undersigned Judge sentenced Deutsch to 41 months imprisonment, three years supervised release, a special assessment of $100, and restitution of $777,254 (Doc. 83 in criminal case).  Deutsch did not file a direct appeal, nor did he apply for a writ of certiorari to the Supreme Court of the United States.

Deutsch's § 2255 motion was timely filed on December 21, 2012.  He collaterally attacks his sentence on three grounds as follows: (1) the Government fraudulently induced him to plead guilty; (2) he was subjected to double jeopardy because he was given additional punishment for the same crime; and (3) counsel was ineffective for failing to object to the Government's

misrepresentations, to the sentencing guidelines calculation, and for failing to raise certain arguments at sentencing.

### 2. Analysis

The Court must grant a § 2255 motion when a defendant's "sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255. However, "[h]abeas corpus relief under 28 U.S.C. § 2255 is reserved for extraordinary situations." *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996). "Relief under § 2255 is available only for errors of constitutional or jurisdictional magnitude, or where the error represents a fundamental defect which inherently results in a complete miscarriage of justice." *Kelly v. United States*, 29 F.3d 1107, 1112 (7th Cir. 1994) (quotations omitted). It is proper to deny a § 2255 motion without an evidentiary hearing if "the motion and the files and records of the case conclusively demonstrate that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see Sandoval v. United States*, 574 F.3d 847, 850 (7th Cir. 2009).

#### a. Grounds One and Two – Fraudulent Inducement and Double Jeopardy

Grounds One and Two of Deutsch's § 2255 motion allege the Government fraudulently induced him into entering into a plea agreement and that he was subjected to double jeopardy. A petitioner may not obtain collateral relief from errors not raised on direct appeal absent a showing of cause for the default and prejudice resulting from the alleged errors. *See Bousley v. United States*, 523 U.S. 614, 621 (1998). With regard to Deutsch's fraudulent inducement and double jeopardy claims, Deutsch did not directly appeal these claims and he offers no reason for his failure to appeal. Accordingly, the Court dismisses Grounds One and Two as procedurally defaulted.

### b. Ground Three – Ineffective Assistance of Counsel

In Ground Three of his motion, Deutsch alleges counsel was ineffective on several grounds. The failure to hear a claim for ineffective assistance of counsel in a § 2255 motion is generally considered to work a fundamental miscarriage of justice because often such claims can be heard in no other forum. They are rarely appropriate for direct review since they often turn on events not contained in the record of a criminal proceeding. *Massaro v. United States*, 538 U.S. 500, 504-05 (2003); *Fountain v. United States*, 211 F.3d 429, 433-34 (7th Cir. 2000). In addition, the district court before which the original criminal trial occurred, not an appellate court, is in the best position to initially make the determination about the effectiveness of counsel in a particular trial and potential prejudice that stemmed from counsel's performance. *Massaro*, 538 U.S. at 504-05. For these reasons, ineffective assistance of counsel claims, regardless of their substance, may be raised for the first time in a § 2255 petition.

While Deutsch's ineffective assistance claim may not be procedurally defaulted, the Court must consider the effect of his waiver to his collateral attack rights contained in his plea agreement. The Court will enforce a plea agreement's appellate and collateral attack waiver "if its terms are clear and unambiguous and the record shows that the defendant knowingly and voluntarily entered into the agreement." *Unites States v. Blinn*, 490 F.3d 586, 588 (7th Cir.2007). A plea is not voluntary if it is "induced by threats (or promises to discontinue improper harassment, misrepresentation (including unfulfilled or unfulfillable promises), or perhaps by promises that are by their nature improper as having no proper relationship to the prosecutor's business (e.g. bribes)." *Brady v. United States*, 397 U.S. 742, 755 (1970) (quoting *Shelton v. United States*, 246 F.2d 571, 572 n.2 (5th Cir. 1957) (en banc), *rev'd on other grounds*, 356 U.S. 26 (1958)).

Here, Deutsch's plea agreement contained a waiver of his direct and collateral appeal rights. However, Deutsch makes allegations that he was fraudulently induced to enter into his plea agreement. If this is the case, his plea was not voluntary, the Court would not enforce the collateral attack provisions of the plea agreement, and the collateral attack waiver would not bar his ineffective assistance of counsel claims in Ground Three. Thus, the Court finds that Deutsch's claims in Ground Three survive this preliminary review under Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts.

3. **Conclusion**

Accordingly, the Court **DISMISSES** Grounds One and Two and **ORDERS** the Government to respond to Deutsch's allegations contained in Ground Three by **February 27, 2013**. The Government shall, as part of its response, attach all relevant portions of the record. Petitioner may file a reply brief (no longer than 5 pages) by **March 13, 2013**. If review of the briefs indicates that an evidentiary hearing is warranted, the court will set the hearing by separate notice and, if Petitioner qualifies under 18 U.S.C. § 3006A, appoint counsel to represent him at the hearing.

**IT IS SO ORDERED.**

**DATED:** January 30, 2013

<u>s/ J. Phil Gilbert</u>
**J. PHIL GILBERT**
**DISTRICT JUDGE**